```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION


HECTOR LOPEZ,                      )
                                   )
     Plaintiff,                    )
                                   )
vs.                                )    NO. 2:05-CV-452
                                   )
ROBERT PASTRICK, KEVIN             )
PASTRICK, and the CITY OF          )
EAST CHICAGO, INDIANA,             )
                                   )
     Defendants.                   )
```

## OPINION AND ORDER

This matter is before the Court on Defendant City of East Chicago, Indiana's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(B)(6), filed on February 6, 2006.[1]  For the reasons set forth below, this motion is **GRANTED**. Accordingly, Plaintiff's complaint against Robert Pastrick and the City of East Chicago is **DISMISSED without prejudice**.  Plaintiff is **GRANTED** leave to refile an amended complaint within 20 days from the date of this order.

BACKGROUND

Plaintiff, Hector Lopez, initiated this action in Lake Superior

---

[1] Pursuant to Magistrate Judge Rodovich's March 1, 2006, order, Robert Pastrick has joined onto this motion.

Court on October 28, 2005. On December 22, 2005, this case was removed here. At all relevant times, Defendant, Robert Pastrick, was the Mayor of East Chicago, Indiana; Defendant, Kevin Patrick, was a business owner in East Chicago, Indiana; and, Defendant, the City of East Chicago, was a municipality within the State of Indiana.

According to the allegations of the complaint, beginning before October 1998 and continuing through at least October 2004, the City of East Chicago, Robert Pastrick, East Chicago's police department and its chief of police "conspired together to illegally elect Robert Pastrick as Mayor and to protect the profits of certain political allies of Robert Pastrick, including but not limited to, Kevin Pastrick." (Compl. ¶ 6). Pursuant to this conspiracy, around November 21, 2003, the Defendants, through their agents, filed a complaint with the East Chicago Police Department, who charged Lopez with zoning violations. Also pursuant to this conspiracy, around June 13, 2004, the Defendants, through their agents, filed another complaint with the East Chicago Police Department, resulting in Lopez being charged with no business permit. (Compl. ¶ 8). Ultimately, Lopez was acquitted of both charges at trial. (Compl. ¶ 9).

The Defendants acted under color of law and pursuant to the policy, practice or custom of East Chicago. (Compl. ¶ 10). Defendants' actions toward Lopez were in retaliation for him not supporting their "illegal conspiracy." (Compl. ¶ 12). Lopez claims to have suffered personal injury, loss of freedom, loss of property

and mental injury, as a result of Defendants' actions. (Compl. ¶ 14).

Lopez asserts Defendants are liable under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. section 1961-1968, because "they engaged in a pattern of racketeering activity that caused the Plaintiff harm." (Compl. ¶ 15). Secondly, Plaintiff asserts Defendants are liable under 42 U.S.C. section 1983 "because they acted under the color of law and pursuant to the City of East Chicago's official custom and practice that deprived the Plaintiff of rights protected by the United States Constitution." (Compl. ¶ 17). Lastly, Plaintiff alleges Defendants are liable under state conspiracy law "because, by concerted action, they sought to accomplish an illegal purpose through illegal means." (Compl. ¶ 16).

East Chicago and Robert Pastrick have filed the instant motion asserting that Plaintiff's complaint fails to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

DISCUSSION

The purpose of a motion to dismiss is to test the legal sufficiency of the complaint, not to decide the merits. *Triad Assocs., Inc. v. Chicago Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). In determining the propriety of dismissal under Federal Rule of Civil Procedure 12(b)(6), the court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Johnson v. Rivera*, 272 F.3d

-3-

519, 520 (7th Cir. 2001). A court may dismiss a complaint only if it appears beyond doubt the plaintiff can prove no set of facts that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Further, a court must "construe pleadings liberally, and mere vagueness or lack of detail does not constitute sufficient grounds for a motion to dismiss." *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985). A complaint need not plead law or be tied to one legal theory. *LaPorte County Republican Cent. Comm. v. Board of Comm'rs of the County of LaPorte*, 43 F.3d 1126, 1129 (7th Cir. 1994) (citing *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992)). Despite this, "[a] RICO complaint must be presented with intelligibility sufficient 'for a court or opposing party to understand whether a valid claim is alleged and if so what it is.'" *Jennings v. EMRY*, 910 F.2d 1434, 1436 (7th Cir. 1990) (quoting *Old Time Enter., Inc. v. International Coffee Corp.*, 862 F.2d 1213, 1218, (5th Cir. (1989)).

RICO

As RICO is a complex statute, this Circuit has noted that most RICO complaints will be somewhat complex. *Jennings v. Emry*, 910 F.2d at 1435-36. Unfortunately, Plaintiff's complaint is not. While Rule 8 of the Federal Rules of Civil Procedure requires only a "short and plain statement," that statement must nevertheless show that the pleader is entitled to relief. This is the problem here. Plaintiff

has failed to show that he is entitled to relief under the allegations contained in the complaint.

To survive a motion to dismiss, a complaint must allege a pattern of racketeering activity. *Id*. at 1438-39. This includes making sufficient allegations of racketeering activity, as that term is defined in that statute, as well as a pattern of such activity. *Id*. Plaintiff's complaint fails on both of these fronts. Not only does the Court question what exact act Plaintiff claims constitutes "racketeering activity," but, as Plaintiff admits, the complaint only alleges a few predicate acts. (Resp., p. 3). Even assuming Plaintiff adequately pled "racketeering activity," his allegations fall short of alleging a pattern. *See e.g. Olive Can Co. v. Martin*, 906 F.2d 1147, 1150 (7th Cir. 1990)("[m]erely alleging two predicate acts . . . does not satisfy the pattern requirement).

At this stage, a complaint must also adequately allege and identify a RICO enterprise. *Jennings*, 910 F.2d at 1439-40. While Plaintiff mentions numerous individuals and entities, he fails to adequately identify the enterprise at issue for RICO purposes. At most, Plaintiff alleges a conspiracy between Defendants; however, that falls short of an enterprise. *Id*. at 1440-41. Due to the deficient pleading, neither the Court nor Defendants can understand whether a valid claim is presented and, if so, what it is. As a result, this claim cannot stand as pled.

Section 1983

To state a valid claim under section 1983, a plaintiff must demonstrate that: (1) the defendants deprived him of a right secured by the Constitution or any law of the United States; and (2) the deprivation of that right resulted form the defendant acting under color of law.  *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998)(citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144. 150 (1970)). Again, like the deficiency noted, Plaintiff again has failed to show that he is entitled to relief.

To end this inquiry early, Plaintiff has failed to adequately allege that Defendants have deprived him of any constitutional or federal right.  Merely making a conclusory complaint of First, Fourth and Fourteenth amendment violations is insufficient.  Moreover, a municipality such as East Chicago can only be held liable under section 1983 if the municipal's policy or custom caused the injury. *Monell v. Dep't of Social Servs. Of the City of New York*, 436 U.S. 658, 690-91 (1978).  In an attempt to allege his injury was at the hands of East Chicago's policy or custom, Plaintiff merely says that his injury came as a result of East Chicago's policy or custom. However, that is not enough.  To invoke municipal liability, a plaintiff must do more than make boilerplate allegations; instead, there must be some factual allegations supporting that a municipal policy does exist.  *Rodgers v. Lincoln Towing Service, Inc.*, 771 F.2d 194, 202 (7th Cir. 1985)(citations omitted).  Therefore, this claim

-6-

must fail.

Conspiracy

Plaintiff asserts a claim under Indiana conspiracy law against Defendants "because, by concerted action, they sought to accomplish an unlawful purpose through illegal means." (Compl. ¶ 16). Defendants note that civil conspiracy does not provide an independent cause of action in Indiana. *Winkler v. V.G. Reed & Sons, Inc.*, 638 N.E.2d 1228, 1334 (Ind. 1994). Plaintiff has failed to rebut this argument in any way. Therefore, the claim is dismissed.

As a final note, it must be pointed out that Plaintiff's five page response did not contain any specific, substantive argument to the contrary of that of the Defendants'. Instead, Plaintiff made a leap of faith and merely assumed that he adequately stated a cause of action, opining that "a detailed analysis of all of [his cited] cases, [] facts, and [] legal theories is not necessary." (Response, pp. 4-5). Aside from its incorrect premise, if Plaintiff would have taken the time to do "a detailed analysis," he likely would have found that his complaint was, after all, legally insufficient. Let it be known that the Court will not do a party's legal research for it nor make a party's arguments for it. *See, e.g., Tyler v. Runyon*, 70 F.3d 458, 470 (7th Cir. 1995)(recognizing that courts need not and indeed should not expend limited judicial resources in researching, refining, and otherwise fleshing out arguments that parties themselves do not

-7-

adequately support).  In the future, should either party wish to make an argument, the Court expects that argument to be thoroughly detailed, including citations to legal authority where appropriate. With that in mind, Plaintiff should not assume that the above-noted deficiencies are the only problems with the complaint.  Should he opt to refile an amended complaint, he is responsible for ensuring it is legally sufficient in all respects.

CONCLUSION

For the reasons set forth above, this motion is **GRANTED**. Accordingly, Plaintiff's complaint against Robert Patrick and the City of East Chicago is **DISMISSED without prejudice**.  Plaintiff is **GRANTED** leave to refile an amended complaint within 20 days from the date of this order.

**DATED:   July 19, 2006**               /s/RUDY LOZANO, Judge
                                         **United States District Court**