```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF INDIANA
                    HAMMOND DIVISION


HECTOR LOPEZ,                  )
                               )
Plaintiff,                     )
                               )
vs.                            )          NO. 2:05-CV-452
                               )
ROBERT PASTRICK,               )
KEVIN PASTRICK and             )
the CITY OF EAST CHICAGO,      )
INDIANA,                       )
                               )
Defendants.                    )
```

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint, filed by the City of East Chicago, Indiana, and Robert Pastrick on September 11, 2006. For the reasons set forth below, this motion is **DENIED**.

BACKGROUND

The Court is familiar with this case's procedural posture as well as Plaintiff's allegations. Briefly, Plaintiff, Hector Lopez, initiated this action in Lake Superior Court on October 28, 2005. On December 22, 2005, this case was removed and settled here. In Lopez's original complaint, he asserted Defendants were liable under: (1) the Racketeer Influenced and Corrupt Organizations Act

-1-

("RICO"), 18 U.S.C. section 1961-1968; (2) 42 U.S.C. section 1983 "because they acted under the color of law and pursuant to the City of East Chicago's official custom and practice that deprived the Plaintiff of rights protected by the United States Constitution;" and (3) under state conspiracy law "because, by concerted action, they sought to accomplish an illegal purpose through illegal means."

Plaintiff's original complaint was dismissed without prejudice on July 19, 2006, because Plaintiff: (1) failed to adequately plead "racketeering activity" and "RICO enterprise," requiring dismissal of the RICO claims; (2) to adequately allege that Defendants deprived him of any constitutional or federal right, mandating dismissal of his section 1983 claim; and, (3) with all of the other claims dismissed, Plaintiff failed to rebut Defendants' supported contention that civil conspiracy does not provide an independent cause of action in Indiana, requiring dismissal of his conspiracy claim.

Lopez was given the right to refile an amended complaint, which he has done. In his First Amended Complaint, Plaintiff has added many allegations to support his RICO and section 1983 claims. (Am. Cmplt ¶¶ 6, 14). Lopez alleges that beginning prior to October 1998 and continuing through at least October 2004, the City of East Chicago, Robert Pastrick, East Chicago's police department and its chief of police "conspired together to illegally elect

Robert Pastrick as Mayor and to protect the profits of certain political allies of Robert Pastrick, including but not limited to, Kevin Pastrick . . .." (Amend. Compl. ¶ 6). Pursuant to this conspiracy, the City of East Chicago, through its agents, "used the mail and wire to: (a) Engage in voter fraud in the 1999 democratic primary; (b) Misappropriate local government funds; (c) Commit perjury . . .; (d) Promote or demote its employees based on [their] political affiliation . . .; and (e) Contract or refuse to contract with citizens based on [their] political affiliation." (Amend. Compl. ¶¶ 6(a)-6(e)). Moreover, in furtherance of this conspiracy, around November 21, 2003, the Defendants, through their agents, filed a complaint with the East Chicago Police Department, who charged Lopez with zoning violations. (Amend. Compl. ¶ 8). Around June 13, 2004, the Defendants, through their agents, filed another complaint with the East Chicago Police Department, resulting in Lopez being charged with operating without a business permit. (Amend. Compl. ¶ 9). Lopez was ultimately acquitted of both charges at trial. (Amend. Compl. ¶ 10).

Defendants' actions toward Lopez were in retaliation for him not supporting their "illegal conspiracy and political candidates." (Amend. Compl. ¶ 13). Such actions were conducted "with malice, oppression, fraud, and deceit" as a result of Defendants' belief "that Lopez supported Pastrick's political opponents." (Amend. Compl. ¶¶ 11-12). Lopez claims to have suffered personal injury,

loss of freedom, loss of property, and mental injury, as a result of Defendants' actions.  (Amend. Compl. ¶ 16).

The Defendants acted under color of law and pursuant to the policy, practice or custom of East Chicago by hiring and retaining "employees it knew were likely to violate the rights of citizens of the United States" and failing to "properly train, investigate, discipline, or fire employees it knew were likely to violate the rights of" such citizens."  (Amend. Compl. ¶¶ 7-7(b)).  Furthermore, Defendants' used their "municipal power to reward the political supporters of Robert Pastrick and to punish those citizens who would not support Robert Pastrick or his political allies."  (Amend. Compl. ¶ 7(d)).  To this end, in January 2000, the City of East Chicago promoted numerous Lieutenants, Sergeants, Investigators, and Officers, while in August of 1999, it fired Jose Camacho.  (Amend. Compl. ¶¶ 14(a) and 14(f)).  Likewise, in March of 1998, the City of East Chicago, demoted or refused "to promote Richard Medina and Angelo Machuka."  (Amend. Compl. ¶ 14(b)).  In May of 1999 French and Crawford were arrested, while Mr. Luellen was arrested in April of 1999.  (Amend. Compl. ¶¶ 14(c) and 14(e)).  Finally, Mr. Smith was detained in May of 1999 for distributing political literature supporting Mr. Stiglich.  (Amend. Compl. ¶ 14(d)).  All of these actions were a direct result of said individuals' political affiliations and were taken in direct violation of 18 U.S.C. §§ 1341, 1343, and 1961(1)(B).  (Amend.

Compl. ¶¶ 14(a)-14(f) and 15).

In his amended complaint, Lopez again asserts Defendants are liable under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, because "they engaged in a pattern of racketeering activity that caused the Plaintiff harm." (Amend. Compl. ¶ 17). Secondly, Plaintiff asserts Defendants are liable "under 42 U.S.C. § 1983 because they acted under the color of law and pursuant to the City of East Chicago's official custom and practice that deprived the Plaintiff of rights protected by the United States Constitution." (Amend. Compl. ¶ 18). Lastly, Plaintiff alleges Defendants are liable "under Indiana Conspiracy law because, by concerted action, they sought to accomplish an illegal purpose through illegal means." (Amend. Compl. ¶ 17).

Robert Pastrick and the City of East Chicago have filed the instant motion requesting the claims against them in Plaintiff's First Amended Complaint be dismissed in accordance with Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

DISCUSSION

12(b)(1) Standard

Defendants claim that Plaintiff does not have standing to assert a RICO claim. For the purpose of analyzing Defendants' Rule 12(b)(1) claim, the following standards apply. Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss

claims over which the federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon a federal court. *In re Chicago, Rock Island & Pacific R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986). When jurisdictional allegations are questioned, the plaintiff has the burden of proving that the jurisdiction requirements have been met. *Kontos v. United States Dept. of Labor*, 826 F.2d 573, 576 (7th Cir. 1987). In reviewing a Rule 12(b)(1) motion to dismiss, the Court may look beyond the complaint and review any extraneous evidence submitted by the parties to determine whether subject matter jurisdiction exists. *United Transp. Union v. Gateway Western R.R. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996). With these legal principles in mind, the Court turns to the instant motion.

<u>Plaintiff has standing</u>

In *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985), the case upon which Defendants rely, it provides that "the plaintiff only has standing [to bring a RICO claim] if . . . he has been injured in his business or property by the conduct constituting the violation." Thus, Plaintiff must allege a conspiracy has injured his business or property interest. *National Organization for Women, Inc. v. Scheidler,* 510 U.S. 249, 256 (1994). "[S]ome direct relation between the injury asserted and the injurious conduct alleged" is required. *Homes v. Securities*

*Investor Prot. Corp.*, 503 U.S. 258, 267 (1993). Plaintiff has alleged that Defendants damaged his business and property by unlawfully charging him with zoning and business permit violations to influence the 1999 primary elections. (Am. Cmpt ¶¶ 9-15). Taking these allegations as true, Plaintiff has shown a direct relation between his injury and Defendants' alleged conduct. As such, Plaintiff has standing to assert his RICO claims.

12(b)(6) Standard

The purpose of a motion to dismiss is to test the legal sufficiency of the complaint, not to decide the merits. *Triad Assocs., Inc. v. Chicago Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). In determining the propriety of dismissal under Federal Rules of Civil Procedure 12(b)(6), the court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001). A court may dismiss a complaint only if it appears beyond doubt the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Further, a court must "construe pleadings liberally, and mere vagueness or lack of detail does not constitute sufficient grounds for a motion to dismiss." *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985). A complaint need not plead law or be tied to one legal theory. *LaPorte County*

*Republican Cent. Comm. v. Board of Comm'rs of the County of LaPorte*, 43 F.3d 1126, 1129 (7th Cir. 1994) (citing *Bartholet v. Reishauer A. G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992)). Despite this, "[a] RICO complaint must be presented with intelligibility sufficient 'for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Jennings v. EMRY*, 910 F.2d 1434, 1436 (7th Cir.1990) (quoting *Old Time Enters. V. Int'l Coffee Corp.*, 862 F.2d 1213, 1218 (5th Cir. 1989)).

### Plaintiff has adequately pled a RICO claim

RICO is a complex statute, therefore most RICO complaints will be relatively complicated. *Jennings*, 910 F.2d at 1435-36. To survive a motion to dismiss, the complaint must include sufficient allegations of racketeering activity as well as a pattern of such activity. *Id.* at 1438-39. Racketeering activity is statutorily defined as:

> (B) any act which is indictable under any of the following provisions of title 18, United States Code: . . . section 1341 (relating to mail fraud), section 1343 (relating to wire fraud), . . . section 1503 (relating to obstruction of justice…), . . . section 1951 (relating to interference with commerce, robbery, extortion), section 1952 (relating to racketeering), . . ..

18 U.S.C. § 1961(1) (2000).

Plaintiff alleges racketeering activity consisting of mail fraud, wire fraud, obstruction of justice, extortion, and

-8-

racketeering, all of which are specifically mentioned in the statutory definition of racketeering activity. (Resp., p. 6). In addition, Plaintiff asserts other predicate acts not specifically identified in the statute, acts such as attempt and conspiracy to commit mail fraud, conspiracy, misappropriation of local funds, and perjury. (Resp., p. 6). In sum, these predicate acts are sufficient to adequately plead the "racketeering activity" element.

A "'pattern of racketeering activity' requires at least two acts of racketeering activity . . .." within a ten year period of time. *Id.* at § 1961(5). However, "[m]erely alleging two predicate acts…does not satisfy the pattern requirement." *Olive Can Co. v. Martin*, 906 F.2d 1147, 1150 (7th Cir. 1990) (overturned on other grounds) (citing *Sedima S.P.R.L. v. Imrex Co.*, 473 U.S. 479 (1985)). Plaintiff, to establish a pattern of racketeering, "must prove continual criminal activity or a threat of continued activity . . ., and a relationship between the predicate acts . . .." *Id.* When dealing with a closed period of time, Plaintiff "may demonstrate continuity . . . by proving a series of related predicates extending over a substantial period of time . . . additionally a party may prove a pattern…by proving a 'specific threat of repetition extending indefinitely into the future' . . .." *Id.* at 1151. Plaintiff alleges more than twenty related predicate acts of racketeering activity continuing over a six year period of time. (Am. Cmplt ¶¶ 6, 14). For pleading purposes, this

-9-

is sufficient to allege a pattern of racketeering activity.

Once a racketeering activity and pattern are shown, the Plaintiff must also adequately identify a RICO enterprise. *Jennings*, 910 F.2d at 1439-40. An enterprise "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4) (2000). In his first complaint, Plaintiff failed to identify the enterprise. In the amended complaint, though, Plaintiff identifies the enterprise as The City of East Chicago, which includes Robert Pastrick, Kevin Pastrick, the Chief of Police of the City of East Chicago and the East Chicago Police Department as its actors. Plaintiff claims that this enterprise worked in furtherance of the underlying goal to reelect Robert Pastrick and his political allies. Plaintiff has now adequately plead an enterprise.

As to harm to business or property, Lopez contends that as a result of Defendants retaliation against him for not supporting Defendant Robert Pastrick in his bid for reelection, Plaintiff lost his business, thereby causing an injury. (Resp., p. 8). Based on this allegation, Plaintiff has adequately pled the harm element. Plaintiff has now adequately pled all of the requirements of a RICO claim and, therefore, this claim stands.

Plaintiff has adequately pled a section 1983 claim

"To state a claim under 42 U.S.C. § 1983, the plaintiff must allege that he or she was: (1) deprived of a federal right, privilege, or immunity; (2) by any person acting under color of state law." *Brown v. Budz*, 398 F.3d 904, 908 (7th Cir. 2005) (citing *Gomez v. Toledo*, 446 U.S. 635 (1980) (citing 42 U.S.C. § 1983)). Furthermore, only when a showing that a municipalities policy or custom was the direct cause of the injury may a municipality, such as the City of East Chicago, be held liable under § 1983. *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 690-91 (1978).

Plaintiff alleges violations of the First Amendment right to support political candidates of his choice, and the Fourteenth Amendment Due Process right to engage in business. (Resp., p. 10). Plaintiff contends that such violations were conducted by or at the request of Defendants. (Resp., p. 11). At the time of the alleged events, Defendant Robert Pastrick was Mayor of the City of East Chicago, Indiana, while the City of East Chicago was at all times a municipal corporation. (Amend. Compl. ¶¶ 4-5). Moreover, Plaintiff, in his First Amended Complaint, contends that Defendant, the City of East Chicago, Indiana, its Mayor, Defendant Robert Pastrick, and their agents had a policy and practice of awarding supporters of Defendant Robert Pastrick and his political allies, and punishing opponents. (Amend. Compl. ¶¶ 7(d), 8-9, and 14).

-11-

Such policy and practice are alleged to have extended over a six year period of time. *Id.* Thus, the requirements that Defendants' acted under color of state law, and that a policy and practice be shown for municipal liability to apply, have been adequately pled.

To support his First Amendment claim, Lopez alleges that Defendants retaliated against him for his speech opposing the re-election of Defendant Robert Pastrick. (Amend. Comp. ¶ 1). To prevail on such a claim, Lopez must demonstrate that: (1) his speech was constitutionally protected; and (2) that the Defendants' actions against him were motivated by such speech. *Watt v. City of Highland Park*, No. 01 C 6230, 2005 WL 2304790 (N.D. Ill. September 20, 2005). Furthermore, if Lopez can make a minimal showing that the alleged violations were motivated by his views, the Amended Complaint will be deemed sufficient to withstand a motion to dismiss. *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982). Similarly, the Due Process Clause of the Fourteenth Amendment protects an individual's life, liberty, and property. *Gustafson v. Jones*, 117 F.3d 1015, 1020 (7th Cir. 1997). Additionally, it protects against arbitrary government action. *Daniels v. Williams*, 474 U.S. 327, 337 (1986).

Plaintiff contends that due to his speech opposing the reelection of Defendant Robert Pastrick, the Defendants', via their agents, filed complaints against him alleging zoning violations and conducting business without a valid license. (Amend. Compl. ¶¶ 8-

9).  Such claims were later dismissed with prejudice at trial. (Amend. Compl. ¶ 10).  There is no question that political speech, such as supporting one's candidate of choice, is protected.  *Coady v. Steil*, 187 F.3d 727 (7th Cir. 1999).  Plaintiff's allegation that Defendants' actions were motivated by his political speech is sufficient to support the claim of retaliation under 42 U.S.C. § 1983.

### Plaintiff has adequately stated a claim for damages resulting from conspiracy

Plaintiff asserts a claim of conspiracy under state law. (Amend. Compl. ¶ 17).  As this Court has noted before, in Indiana "there is no civil cause of action for conspiracy."  *Sims v. Beamer*, 757 N.E.2d 1021, 1026 (Ind. Ct. App. 2001) (citing *Huntington Mortgage Co. v. DeBrota*, 703 N.E.2d 160, 168 (Ind. Ct. App. 1998).  Yet, "there is a civil cause of action for damages resulting from conspiracy."  *Id.*  Conspiracy has been defined in Indiana as "a combination of two or more persons, by concerted action, to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by unlawful means."  *Id.* at 1026, fn. 5.

Plaintiff, in the instant action, contends that Defendants conspired to reelect Defendant Robert Pastrick.  This goal, though not in itself illegal, was allegedly carried out in an illegal fashion.  Specifically, Plaintiff contends that Defendants

-13-

retaliated against him for his opposition to the reelection of Defendant Robert Pastrick. As a result of such actions, Plaintiff asserts that he lost his business thereby creating a civil cause of action for damages resulting from a conspiracy.

Plaintiff's original claim for civil conspiracy was dismissed because no independent cause of action existed for which a claim for damages could attach. *Indianapolis Horse Patrol, Inc. v. Ward*, 217 N.E.2d 626, 628 (Ind. 1966). However, in the amended complaint, Plaintiff has adequately stated a cause of action, which includes conspiracy, that allegedly resulted in him being harmed. Therefore, this Court can imagine a set of facts that would entitle Plaintiff to recover for the damages he claims to have suffered, which resulted from the alleged conspiracy.

CONCLUSION

For the reasons set forth above, Defendants' motion is **DENIED**.


**DATED: April 4, 2007**                    /s/RUDY LOZANO, Judge
                                            **United States District Court**