```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION


HECTOR LOPEZ,                    )
                                 )
          Plaintiff              )
                                 )
     v.                          )    Case No. 2:05 cv 452
                                 )
KEVIN PASTRICK; CITY OF EAST     )
CHICAGO; ROBERT A. PASTRICK,     )
                                 )
          Defendants             )
```

OPINION AND ORDER

This matter is before the court on the Motion to Alter Limitation of Number of Depositions Under Rule 30 filed by the plaintiff, Hector Lopez, on May 18, 2007. For the reasons set forth below, this motion is **DENIED**.

Background

In his complaint, Hector Lopez alleged that the City of East Chicago engaged in a pattern of activity that subjected it to liability under, among others, the Racketeer Influenced and Corrupt Organization Act and 42 U.S.C. §1983. In addition to allegations of vote fraud, misappropriation of funds, political firings and others, Lopez alleged that he was charged with zoning violations and operating a business without a permit in retaliation for his failure to support the city's "illegal conspiracy and political candidates." (Amended Complaint, ¶ 13)

On March 20, 2005, this court held a preliminary pretrial conference and established dates for the close of discovery and filing of dispositive motions (DE 25). These dates were extended on August 15, 2006 (DE 45), and in light of the defendants'

motion to dismiss, vacated on February 23, 2007 (DE 58). On April 4, 2007, the district court denied the defendants' motion to dismiss and a little more than a month later, Lopez filed this motion, seeking leave to take more than 10 depositions.

### Discussion

The Federal Rules presumptively limit the number of depositions taken by a party to ten. Federal Rule of Civil Procedure 30(a)(2)(A). *See also* **Bell v. Fowler**, 99 F.3d 262, 271 (8th Cir. 1996). The rule provides for expanding this limit only upon leave of court and "consistent with the principles stated in Rule 26(b)(2)."  Rule 26(b)(2) provides a gauge for altering the scope of discovery that requires the court to address whether the discovery is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome or less expensive." This rule also requires the court to consider the burden of the proposed discovery, considering the "needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."  Rule 26(b)(2)(C). *See also* **Pedraza v. Holiday Housewares, Inc**., 203 F.R.D. 40, 42 (D. Mass. 2001).

Lopez's sole basis supporting an undefined expansion to the limit of ten depositions is the existence of a separate cause of action in this district alleging similar conduct. The plaintiff states that the "numerous defendants in that action should have information relevant to the plaintiff's case."  In light of the

2

standards described in Federal Rule 26(b), this single rationale does not meet the plaintiff's burden in supporting the expansion. *See e.g.* **Lawrence v. Household Bank (SB) NA**, 343 F.Supp.2d 1094, 1100 (M.D. Ala. 2004)("Plaintiffs, however, have articulated no basis for this court to exercise its discretion . . ."); **Nankivil v. Lockheed Martin Corporation**, 216 F.R.D. 689, 691 (M.D. Fla. 2003) ("Plaintiff has not supplied the Court with adequate reason to require depositions either exceed [sic] the presumptive time limit of seven hours each, or exceed a total of ten depositions per side as permitted under the applicable rules.").

In addition, the rationale relied upon by Lopez, the existence of a parallel proceeding, more often has been found to indicate duplicative or cumulative discovery. *See* **Bell**, 99 F.3d at 271; **National Union Fire Insurance Company of Pittsburgh, Pennsylvania v. Hicks, Muse, Tate, & Furst, Inc**., 2002 WL 1822738 at *2 (S.D.N.Y. Aug. 8, 2002).

Finally, the plaintiff's motion does not address Local Rule 37.1 which requires the moving party to certify that informal means of resolving a discovery dispute have been attempted, and Local Rule 30.1 which, through cross reference to the Standards of Professional Conduct within the Seventh Federal Judicial Circuit, requires that attorneys "make a good faith effort to schedule depositions in a manner which avoids scheduling conflicts."  Accordingly, the motion is **DENIED.**

_____

For the foregoing reasons, the Motion to Alter Limitation of Number of Depositions Under Rule 30 filed by the plaintiff, Hector Lopez, on May 18, 2007 is **DENIED**.

ENTERED this 7th day of August, 2007

                                          s/ ANDREW P. RODOVICH
                                             United States Magistrate Judge