```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


HECTOR LOPEZ,                    )
                                 )
          Plaintiff              )
                                 )
     v.                          )    Case No. 2:05 cv 452
                                 )
KEVIN PASTRICK; CITY OF EAST     )
CHICAGO; ROBERT A. PASTRICK,     )
                                 )
          Defendants             )
```

## OPINION AND ORDER

This matter is before the court on the Motion to Strike Defendant City of East Chicago, Indiana's Motion for Partial Summary Judgment [DE 111] filed by the plaintiff, Hector Lopez, on December 1, 2010. For the reasons set forth below, the motion is DENIED.

In this motion, the plaintiff requests the court to strike the defendant's motion for summary judgment, citing Federal Rule of Civil Procedure 12(f) and arguing that the filing does not comply with the Federal Rules of Civil Procedure. Rule 12(f) states that "the court may strike from a pleading any . . . redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored, although they may be granted if they remove unnecessary clutter from a case and expedite matters, rather than delay them. Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989);

Doe v. Brimfield Grade School, 552 F.Supp.2d 816, 825 (C.D. Ill. 2008).

The key word is in the first sentence of Rule 12(f): pleading. Federal Rule of Civil Procedure 7(a) defines "Pleadings" as: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Black's Law Dictionary simplifies the definition as related to federal civil procedure as "the plaintiff's complaint and the defendant's answer." Black's Law Dictionary 1270 (9th ed. 2009). The plaintiff's motion to strike here does not refer to any pleadings, and, therefore, Rule 12(f) does not apply.

Although it is not clear under what rule the plaintiff moves to strike the defendant's motion for summary judgment, his motion also fails on the merits. The plaintiff relies on Federal Rule of Civil Procedure 12(g) as the basis for his motion to strike. Rule 12(g) provides that a party who makes a motion under Rule 12 may not make another motion under the rule that raises a defense or objection that was available but omitted from the earlier motion. The plaintiff argues that the defendant's motion for summary judgment is in actuality a Rule 12(b)(6) motion to dis-

miss because the defendant did not provide any extrinsic evidence in support.  Because the defendant joined an earlier Rule 12 motion to dismiss, the plaintiff contends that the defendant is now barred from filing this motion.  The defendant responds that it raised proper issues that are commonly considered on summary judgment.

Rule 12(b)(6) motions to dismiss and motions for summary judgment are analyzed under different standards.  When considering a Rule 12(b)(6) motion to dismiss, the court is limited to analyzing the pleadings.  Perez v. Amco Ins. Co., 2010 WL 1582229, *4 (N.D. Ill. 2010) ("[T]he court cannot look outside the pleadings for evidence of the parties' intent at the motion to dismiss phase").  In order to survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); Joren v. Napolitano, 2011 WL 350475, *2 (Feb. 7, 2011).  When the matters require the court to look beyond the face of the pleadings, the motion is more appropriately phrased as one for summary judgment.  Alioto v. Marshall Fields & Co., 77 F.3d 934, 936 (7th Cir. 1996) ("If the court does consider extrinsic materials, the

motion must be converted into one for summary judgment."). However, extrinsic evidence does not have to accompany every motion for summary judgment. Durkin v. Equifax Check Service, Inc., 2004 WL 725461, *4 (N.D. Ill. March 31, 2004). The moving party can point to a shortcoming in the opposing side's case. Roman v. General Motors Corp., 727 F.Supp. 1153, 1155 (N.D. Ill. 1989) (stating that the "moving party need only '[point] out to district court . . . that there is an absence of evidence to support nonmoving party's case.'") (citing Celotex v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986)). Once the defendant establishes that there is no genuine issue of material fact in light of the shortcoming, the burden the burden then shifts to the plaintiff party to set forth specific facts to show that a factual dispute remains. Federal Rule of Civil Procedure 56(e); Celotex, 477 U.S. at 322, 106 S.Ct. at 2552.

Here, the defendant pointed to the plaintiff's failure to provide notice as required by the Indiana Tort Claims Act before a claim can be instituted against a state governmental entity. Ind. Code §34-13-3-10. Whether the notice was furnished is a matter that extends beyond the language of the pleadings. The defendant is permitted to point to the plaintiff's inability to establish a necessary element of his claim on summary judgment, and the burden then is on the plaintiff to produce extrinsic

evidence to show that notice in fact was provided. Celotex, 477 U.S. at 325, 106 S.Ct. at 2554. Therefore, this is an appropriate matter for summary judgment. See e.g. Dameron v. City of Scottsburg, Indiana, 36 F.Supp.2d 821, 836-37 (S.D. Ind. 1998) ("Whether a plaintiff has complied with the Indiana Torts Claim Act is not a question of fact for the jury but an issue of law for the court to determine.").

Similarly, the defendant has relied on a recently decided case which holds that a governmental entity such as a municipality cannot form the requisite intent required for a civil RICO claim and argues that the plaintiff's §1983 claim is time barred. In making these arguments, the defendant pointed to matters outside the pleadings, arguing that the record is devoid of evidence to support necessary elements of both claims raised by the plaintiff. If the defendant's theories are supported by the relevant law, this then would shift the burden to the plaintiff to disprove them. Such claims are commonly raised on summary judgment. See e.g., Walton v. U.S. Steel, 2010 WL 5095826 (N.D. Ind. Dec. 7, 2010)(finding plaintiff's claim barred by the statute of limitations). In light of the claims the defendant asserts in its motion for summary judgment, it is not necessary for the defendant to submit extrinsic evidence. Rather, the defendant is pointing to deficiencies in the plaintiff's claim, requiring the

plaintiff to come forward with supporting evidence or case authority contrary to the defendant's position. See Roman, 727 F.Supp. at 1155; Celotex, 477 U.S. at 325, 106 S.Ct. at 2554. These are the types of matters that are commonly resolved on summary judgment. Otherwise, it would be futile to let claims proceed to trial when there is no basis for recovery.

Therefore, the plaintiff's reliance on Rule 12(g) is unfounded. In its motion, the defendant raises issues that are commonly and appropriately raised on summary judgment. Rule 12(g) does not contemplate precluding a party from filing a motion for summary judgment, and therefore does not provide grounds on which the defendant's motion may be stricken. Accordingly, the Motion to Strike Defendant City of East Chicago, Indiana's Motion for Partial Summary Judgment [DE 111] filed by the plaintiff, Hector Lopez, on December 1, 2010, is DENIED.

ENTERED this 23rd day of February, 2011

s/ Andrew P. Rodovich
United States Magistrate Judge