# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

| | | |
|---|---|---|
| HECTOR LOPEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:05-CV-452  PPS-APR |
| | ) | |
| ROBERT PASTRICK, | ) | |
| KEVIN PASTRICK, and | ) | |
| THE CITY OF EAST CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court are Defendant the City of East Chicago's and Plaintiff Hector Lopez's cross-motions for partial summary judgment.  [DE 106, 107.]  For the following reasons, East Chicago's motion is **GRANTED in part** and **DENIED in part**, and Lopez's motion is **DENIED**.

I begin with the undisputed facts relevant to these motions.  On October 28, 2005, Plaintiff Hector Lopez brought this action in Lake County Superior Court alleging that Defendants Robert and Kevin Pastrick and the City of East Chicago were members of an illegal racketeering enterprise whose primary purpose was to get Robert Pastrick elected as mayor of East Chicago and to pay off Robert's political allies.  Lopez alleges that these Defendants retaliated against him by wrongfully charging him with zoning and business permit violations on November 21, 2003 and June 13, 2004 because he did not support the criminal enterprise.  He asserts claims under the federal RICO statutes (18 U.S.C. §§ 1962(c) and 1964(c)), Indiana conspiracy law, and 42 U.S.C. § 1983.  The Defendants removed the action to this Court on

December 22, 2005.  [DE 2.]  The case was then stayed pending resolution of a parallel case in this Court before Judge James T. Moody, *State of Indiana, et al. v. Pastrick, et al.*, 3:04-cv-506-JTM-CAN.  [DE 97, 99.]

Before me now are East Chicago's and Lopez's cross-motions for partial summary judgment.  In its motion, East Chicago seeks dismissal of the federal RICO and Indiana conspiracy claims and partial dismissal of the § 1983 claims.  In his motion, Lopez asks me to resolve a host of factual and legal disputes by taking judicial notice of large portions of Judge Moody's opinion in *State of Indiana, et al. v. Pastrick, et al.*, 3:04-cv-506, 696 F. Supp. 2d 970 (N.D. Ind. 2010) – the parallel case noted above, which disposed of that action.  Defendants Robert and Kevin Pastrick did not respond to either of these motions.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The party seeking summary judgment carries the initial burden of demonstrating an absence of evidence to support the position of the non-moving party.  *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994).  The non-moving party must then set forth specific facts showing that there is a genuine issue of material fact and that the moving party is not entitled to a judgment as a matter of law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  A genuine dispute about a material fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Id*. at 248.  In making this determination, I must draw every reasonable inference from the record in the light most favorable to the non-moving party.  *Haefling v. United Parcel Serv., Inc.,* 169 F.3d 494, 497 (7th Cir. 1999).

I begin with East Chicago's motion. First, East Chicago asserts that Lopez's RICO claims fail because municipalities are not subject to RICO liability. I agree. As numerous courts have held, because the RICO statute's mandatory treble damages provision is punitive in nature, Congress did not intend to subject municipalities to RICO liability. *See Gentry v. Resolution Trust Corp.*, 937 F.2d 899, 914 (3d 1991); *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 404 (9th Cir. 1991); *see, e.g., Simstad v. Scheub*, 2010 WL 3894017, at *14 (N.D. Ind. Sept. 30, 2010); *SKS & Assocs. v. Vill. of Oak Lawn*, 2010 WL 3735733, at *1 (N.D. Ill. Sept. 16, 2010); *Curtis v. Wilks*, 704 F. Supp. 2d 771, 786 (N.D. Ill. 2010); *Reyes v. City of Chicago*, 585 F. Supp. 2d 1010, 1014 (N.D. Ill. Oct. 28, 2008); *LaFlamboy v. Landek,* 587 F. Supp. 2d 914, 937 (N.D. Ill. 2008); *Lathrop v. Juneau & Assocs., Inc. P. C.,* 220 F.R.D. 330, 334 (S.D. Ill. 2004); *Pelfresne v. Vill. of Rosemont,* 22 F. Supp. 2d 756, 761 (N.D. Ill. 1998); *see also City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 261-62 (1981) (finding municipalities immune from punitive damages under § 1983); *Tellis v. U.S. Fid. & Guar. Co.,* 805 F.2d 741, 746 (7th Cir. 1986) (characterizing RICO's mandatory treble damages provision as "penal in nature"). Otherwise, the RICO statute would unfairly punish "the very taxpayers and citizens for whose benefit the wrongdoer [i]s being chastised." *Lancaster*, 940 F.2d at 404 (quoting *Newport*, 453 U.S. at 263). As a result, Lopez's RICO claims cannot proceed against the City of East Chicago.

Next, East Chicago argues that Lopez's state law civil conspiracy claim fails because Lopez didn't file a Tort Claims Notice pursuant to the Indiana Tort Claims Act ("ITCA"). Under the ITCA, a tort claim against a political subdivision is barred unless notice is filed with the subdivision within 180 days after the loss occurs. Ind. Cod. 34-13-3-8. The notice must

describe in a short and plain statement the facts on which the claim is based and "include the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, the amount of the damages sought, and the residence of the person making the claim at the time of the loss and at the time of filing the notice." Ind. Code 34-13-3-10. Because allegations of civil conspiracy under Indiana law sound in tort, *K.M..K. v. A.K.* 908 N.E.2d 658, 663 (Ind. App. 2009), Lopez's conspiracy claim is subject to the ITCA's notice provisions. *See Catlin v. Hanser*, 2011 WL 1002736, at *4 (S.D. Ind. Mar. 17, 2011) ("[Civil conspiracy] is an alternative way of asserting concerted action in the commission of a tort.").

But failure to strictly conform with the ITCA's notice requirements is not fatal where the plaintiff demonstrates substantial compliance with these provisions. *RL Turner Corp. v. Town of Borwnsburg*, --- N.E.2d ----, 2011 WL 1733536, at *9 (Ind. App. May 6, 2011). Substantial compliance is sufficient where the plaintiff informs the political subdivision of the facts and circumstances surrounding the claim such that it can investigate, determine its possible liability, and prepare a defense to the claim. *Id.*; *Collier v. Prater*, 544 N.E.2d 497, 499 (Ind. 1989) (the "crucial consideration" is whether the notice informs the city of the "full nature of the claim against it"). The notice "*must also advise of the injured party's intent to assert a tort claim.*" *Ricketts v. State*, 720 N.E.2d 1244, 1246 (Ind. App. 1999) (emphasis in original). Failure to provide adequate notice will subject a claim to summary judgment. *F.B. Boushehry v. City of Indianapolis*, 931 N.E.2d 892, 895 (Ind. App. 2010). The plaintiff bears the burden of proving substantial compliance. *Brown v. Alexander*, 876 N.E.2d 376, 384 (Ind. App. 2007).

Here, Lopez argues that he substantially complied with the ITCA's notice requirements

by sending the City a Notice of Tort Claim on January 8, 2002, which alleged that in 2001 a City employee made defamatory remarks about Lopez and circulated an illegal petition that harmed Lopez's business. He also cites a letter from his attorney to the City based on the same (or similar) conduct. Lopez argues this notice was sufficient because he "had no obligation to notify the City again and again each time it harmed him." [DE 125 at 5.] In any event, he argues the City knew it had committed torts that injured Lopez, and it had plenty of time to investigate and settle the tort claims.

The problem with Lopez's argument is that the Notice of Tort Claim from 2002 (and the letter from his attorney) did not provide sufficient notice under the ITCA of the facts and circumstances of this case. In fact, the 2002 notice – which involved defamatory statements by a City employee – is completely unrelated to this cause of action. Recall that Lopez's complaint in this case concerns allegations that the City filed bogus zoning and business permit violations against him. Even more telling is the fact that Lopez's alleged injuries in this case occurred on November 21, 2003 and June 13, 2004, almost two-years *after* the 2002 notice.[1] It's difficult to see how Lopez could have notified the City of a harm that had not yet occurred. And unless East Chicago could have engaged in time travel, it could not have investigated, determined its possible liability, and prepared a defense to these claims based on the 2002 notice. *See F.B. Boushehry*, 931 N.E.2d at 896 (affirming dismissal "because the claims raised by [the plaintiff] were entirely different from the claim that was identified in his [prior] notice"); *Howard County Bd of Comm. v. Lukowiak*, 810 N.E.2d 379, 383-84 (Ind. App. 2004) (same); *Hedges v. Rawley*,

_____

[1] In fact, Lopez sued the City on December 2, 2002 based on the allegations in the 2002 notice in *Lopez v. Morris, et al.*, 2:02-cv-478-AS.

419 N.E.2d 224, 227-28 (Ind. App. 1981) (same). Also, the fact that East Chicago may have otherwise known about Lopez's injuries is irrelevant because Lopez never told the City he was filing suit for these injuries. *See Rudnick v. Northern Indiana Commuter Transp. Dist.*, 892 N.E.2d 204, 207-08 (Ind. App. 2008) (dismissing claim because the plaintiff failed to provide notice of his intent to sue). As a result, Lopez's civil conspiracy claim under Indiana law fails as a matter of law.

Finally, East Chicago argues that Lopez's § 1983 claims based on events that occurred on November 21, 2003 are time-barred because Lopez filed his Complaint on December 22, 2005. *See Brademas v. Indiana Housing Finance Authority*, 354 F.3d 681, 685 (7th Cir. 2004) (two-year statute of limitations for § 1983 claims under Indiana law). But Lopez filed his Complaint on October 28, 2005. So any injuries that occurred on November 21, 2003 are within § 1983's two-year limitations period.

To sum up: Lopez's RICO and Indiana conspiracy claims against East Chicago are dismissed, but his § 1983 claims proceed.

Moving on to Lopez's motion. Lopez asks me to take judicial notice of almost twenty pages of the court's findings of fact and conclusions of law in *State of Indiana, et al. v. Pastrick, et al.*, 696 F. Supp. 2d 970 (N.D. Ind. 2010). In that case, the City of East Chicago and the State of Indiana brought suit alleging that Robert Pastrick and his cronies unlawfully used the City as a racketeering enterprise in violation of federal and state law (among other claims). *Id.* at 974. When the defendants failed to show for trial, the court granted the plaintiffs' motion for default judgment and awarded East Chicago $108,007,584.33 in damages. *Id.* at 998.

In his motion, Lopez claims that this opinion establishes that "the City of East Chicago

itself proved that it was a corrupt organization that harmed its citizens when Mayor Pastrick and other City officials used it as part of their political machine to further Mayor Pastrick's political agenda. Plaintiff (Lopez) need not litigate these facts again." [DE 106 at 21.] He also asserts that he should not have to prove "the already adjudicated official custom and practice of the City of East Chicago to illegally further Pastrick's political agenda by rewarding his political allies and punishing his political opponents." [*Id*. at 20.] According to Lopez, because these facts have already been adjudicated, all he has to do is prove that he was injured by these actions. [*Id*. at 19-24.]

A court may take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice allows a court to accept certain facts as true without requiring additional proof from the opposing parties. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) ("[Judicial notice] substitutes the acceptance of a universal truth for the conventional method of introducing evidence"). "In order for a fact to be judicially noticed, indisputability is a prerequisite." *Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354 (7th Cir. 1995).

Based on these principles, courts often take judicial notice of other judicial proceedings to establish the fact of such litigation or to recognize the outcome. *See Opoka v. Immigration & Naturalization Serv.*, 94 F.3d 392, 395 (7th Cir. 1996). But "courts generally cannot take notice of findings of fact from other proceedings for the truth asserted therein because these findings are disputable and usually are disputed." *General Elec.*, 128 F.3d at 1082 n.6; *Opoka*, 94 F.3d at

395 (citing *Liberty Mutual Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.")); *ABN AMRO, Inc. v. Capital Int'l Ltd.*, 2007 WL 845046, at *9 (N.D. Ill. March 16, 2007) ("Typically, . . . the notice of a court order is limited to the purpose of recognizing the judicial act or litigation filing; judicial notice is generally not for the truth of the matters asserted in a court document."). Otherwise, "the doctrine of collateral estoppel would be superfluous." *General Elec.*, 128 F.3d at 1083. As a result, courts in this circuit have consistently declined to judicially notice a prior court's factual and legal conclusions for the truth asserted in the judicial order. *See, e.g., In re Fedex Ground Package System, Inc., Emp't Practices Litig.*, 2010 WL 1253891, at *6 (N.D. Ind. Mar. 29, 2010); *Limestone Dev. Corp. v. Vill. of Lemont*, 473 F. Supp. 2d 858, 868 n.3 (N.D. Ill. 2007); *Mayes v. City of Hammond*, 2006 WL 1765407, at *6 (N.D. Ind. June 21, 2006); *Johnson v. Devan*, 2005 WL 693259, at *5 (N.D. Ill. Mar. 18, 2005); *Boloun v. Williams*, 2002 WL 31426647, at *1 (N.D. Ill. Oct. 25, 2002).

But that is precisely what Lopez would have me do here. Lopez argues that large portions of Judge Moody's findings of fact and conclusions of law should be judicially noticed, not to show that the litigation occurred or to demonstrate the outcome of the case, but so he doesn't have to prove that East Chicago "was a corrupt organization that harmed its citizens" or that "the already adjudicated official custom and practice of the City of East Chicago [was] to illegally further Pastrick's political agenda." [DE 106 at 20-21.] Essentially, Lopez wants me to apply Judge Moody's findings to this case. Yet, as the above courts held, I may not judicially notice another court's fact findings and conclusions for the truth asserted therein. Judicial notice

is not an alternative to issue preclusion, and Lopez can't rely on the doctrine in lieu of either meeting the requirements of collateral estoppel or presenting his own evidence in support of his claims. *See Johnson*, 2005 WL 693259, at *5 ("While Judge Salone's ruling may constitute grounds for dismissal of Plaintiff's complaint under the theory of collateral estoppel, it is hardly an ideal ground for judicial notice of an adjudicative fact.").

That's especially true here because whether East Chicago was a corrupt organization or had a custom and practice of furthering an illegal agenda remains in dispute. *See General Elec.*, 128 F.3d at 1081 ("A court may take judicial notice of an adjudicative fact that is [] not subject to reasonable dispute.") (quotations omitted). These issues were not even addressed by the court in *State of Indiana, et al. v. Pastrick, et al*. Moreover, East Chicago was a plaintiff in that action and was injured to the sum of $108,007,584.33 because of the defendants' actions. So the opinion hardly shows that East Chicago was indisputably involved in illegal activity. *See LeClercq v. Lockformer Co.*, 2002 WL 31269491, at *2-3 (N.D. Ill. Oct. 9, 2002) (declining to take judicial notice of a prior proceeding because "nothing in the Court's [prior] order was directed toward offering a conclusive finding of fact on that issue."). As a result, I will not take judicial notice of the court's opinion in *State of Indiana, et al. v. Pastrick, et al*.[2]

For the foregoing reasons, East Chicago's motion for partial summary judgment is **GRANTED in part** and **DENIED in part**. [DE 107.] Lopez's RICO and Indiana conspiracy claims against East Chicago are dismissed, but his § 1983 claims proceed. Lopez's motion for partial summary judgment is **DENIED**. [DE 106.]

---

[2] If Lopez wants me to judicially notice the fact of the prior litigation or the outcome of that case, he must file a motion arguing why that's appropriate. Or, alternatively, if he believes that collateral estoppel precludes relitigating any issues, he must file a motion arguing as much.

**SO ORDERED**.

ENTERED: June 8, 2011.

s/ Philip P. Simon        

PHILIP P. SIMON, CHIEF JUDGE

UNITED STATES DISTRICT COURT
